[Civ. No. 38879. First Dist., Div. Four. June 9, 1976.]

DEPARTMENT OF MOTOR VEHICLES, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
WILLIAM RICHARD HARDIN, Real Party in Interest.

**COUNSEL**

Evelle J. Younger, Attorney General, and Victor D. Sonenberg, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Crist, Crist, Griffiths, Bryant & Schulz, John R. Griffiths and Patricia J. Gebala for Real Party in Interest.

Dick W. Bennett, Bennett, Hughes, Kane, Niven & Till, Michael R. Nave, John B. Segall, Robert F. Lee and P. Terry Anderlini as Amici Curiae on behalf of Real Party in Interest.

**OPINION**

**CALDECOTT, P. J.**—Real party in interest William Richard Hardin has been convicted of driving while under the influence of alcohol in San Mateo County three times within the last three years. As a result of these convictions, petitioner, the Department of Motor Vehicles, was prepared to effect the mandatory revocation of Hardin's driver's license pursuant to Vehicle Code section 13352. Hardin filed a petition for writ of prohibition in respondent superior court, praying, inter alia, that the department be prohibited from suspending his driver's license.

In support of his petition, Hardin argued that he was entitled to the benefits of the provisions of Vehicle Code sections 13201.5[1] and 13352.5,[2]

---

[1]Section 13201.5 provides:

"(a) A court may suspend the privilege of any person to operate a motor vehicle, for a period not exceeding six months, upon conviction of driving while under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug.

"In the alternative, and in addition to the provisions of subdivision (c) of Section 23102 and the provisions of Section 23102.3, a court may refrain from suspending such privilege if the person convicted of such offense has consented to participate in, for at

[2]See page 939.

which would preclude the suspension of his driver's license, if he participated in an alcoholic treatment program pursuant to Vehicle Code

least one year and in a manner satisfactory to the court, a public or private program for the treatment of problem drinking or alcoholism which, regardless of how it is funded, meets standards established by the Office of Alcohol Program Management, which shall include, but need not be limited to, the following:

"(1) Each program shall provide for close and regular supervision of the person, including face-to-face interviews at least once every other calendar week, regarding the person's progress in the program.

"(2) The office shall set maximum fees to be charged for participation in the program and shall require that each program make provision for persons who cannot afford such fees in order to enable such persons to participate in such programs.

"(3) Each program shall include a variety of treatment services for problem drinkers and alcoholics or shall have the capability of referring such persons to, and regularly and closely supervising such persons while in, appropriate treatment services for their problem drinking or alcoholism.

"In utilizing any such program, the court shall require periodic reports concerning the performance of the person participating in a program and the immediate report of any failure of the person to comply with the program's rules and regulations. If, at any time while participating in the program, the person fails to comply with the rules and regulations of the program, the court, upon finding such fact, shall immediately suspend, or order suspension or revocation of, the privilege of such person to operate a motor vehicle for the period prescribed by law.

"No person may be admitted into a program for the treatment of problem drinking or alcoholism pursuant to this section more than once.

"The provisions of this section afford a rehabilitative program for problem drinkers or alcoholics that is in addition to any other program or procedure relating to treatment of drinking drivers established in the criminal justice system, and the provisions of this section shall not be construed to restrict or supersede such programs or procedures, nor to prevent the future establishment of similar programs or procedures.

"Further, the provisions of this subdivision shall not be construed as requiring a court, upon a first conviction of a person for driving while under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug, to suspend the privilege of that person to operate a motor vehicle if the court finds that a program for the treatment of problem drinking or alcoholism is not appropriate for such a person and if such person has consented to participate in, and does participate in and successfully completes, a driver improvement program designated by the court, as provided in subdivision (c) of Section 23102.

"(b) In order to determine which types of programs can most effectively provide for treatment of persons convicted of such offenses, this section shall be implemented during the period from January 1, 1976, through December 31, 1977, on a demonstration basis in four or fewer counties deemed most appropriate for that purpose by the office. The office shall approve several types of programs in such counties in order to prepare for effective implementation of this section statewide. This section shall be applicable in all counties commencing January 1, 1978."

[2]Section 13352.5 provides:

"(a) The department may not suspend or revoke, pursuant to subdivision (a), (c), or (e) of Section 13352 or any other provision of law, the privilege of any person to operate a motor vehicle upon a conviction or finding that the person was driving while under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug, if the court has certified to the department that such person has consented to participate for at least one year, and is participating, in a manner satisfactory to the

section 13201.5. He also argued that to confine eligibility for the treatment program to those convicted in one of the four "demonstration" counties, as provided in Vehicle Code section 13201.5, subdivision (b), constitutes a denial of equal protection and that a proper construction of Vehicle Code section 13201.5 required its immediate application in all counties of the state.

In its opposition to the petition, the department argued that (1) the terms of the statute clearly imposed a limitation on the applicability of the statute to those convicted in one of the four "demonstration" counties,[3] for the next two years (until January 1978) in order to ascertain which was the most effective treatment program, prior to the statute's being applied statewide; and (2) that such temporary limitation was a rational exercise of the legislative powers and thus did not constitute a denial of equal protection.

The superior court issued a peremptory writ of prohibition restraining the department from suspending Hardin's driving privileges "for so long as [Hardin] satisfies the requirements of section 13201.5 of the Vehicle Code."

The department has petitioned this court to issue a writ of mandate ordering the superior court to vacate its order prohibiting the department from suspending Hardin's driver's license.

I

Initially, we determined that resolution of this matter by extraordinary writ rather than by an appeal is appropriate, since the matter is of considerable public importance. (See 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 106, pp. 3880-3882; *Clean Air Constituency v. California State Air Resources Bd.,* 11 Cal.3d 801, 808 [114 Cal.Rptr. 577, 523 P.2d 617].) Where numerous suits are being filed against the

court, in a public or private program for the treatment of problem drinking or alcoholism pursuant to the provisions of Section 13201.5 or, with respect to a first conviction of such offense, in a driver improvement program designated by the court, as provided in subdivision (c) of Section 23102.

"(b) All abstracts of record showing such a conviction that are forwarded to the department pursuant to Section 1803 shall indicate whether the person convicted has consented to participate, and is participating, in such a program for the treatment of problem drinking or alcoholism or such a driver improvement program."

[3]The four demonstration counties are Kern, Ventura, Yuba and Santa Clara.

department on this issue, and where there is a danger of circumventing the intent of the Legislature if other courts follow the action of the superior court in this case, prompt resolution of the dispute is desirable.

## II

Vehicle Code section 13352 requires the DMV to immediately suspend or revoke the driver's license of a person convicted of driving under the influence of alcohol, under certain conditions.

Vehicle Code section 13201.5, subdivision (a) provides that a court may refrain from revoking or suspending a defendant's driving privileges if he participates in an alcoholism treatment program. The office of Alcohol Program Management is to establish standards for these programs; specific minimum standards for the program are set forth in that section. Section 13201.5, subdivision (b) provides that the program shall be implemented on a demonstration basis, in four counties only, from January 1, 1976 to December 31, 1977, "in order to determine which types of programs can most effectively provide for treatment of persons convicted of such offenses."

Real party in interest claims that the four-county limitation deprives him of equal protection of the law, that he should be allowed to retain his license while he participates in a private treatment program, and that the superior court was correct in prohibiting the department from revoking his driver's license so long as he participated in such a program.

Real party's equal protection argument is without merit. If no "suspect classification" or "fundamental interest" is involved, legislation which establishes different treatment for different groups of persons is vested with a presumption of constitutionality and will be upheld if the basis of differentiation bears a rational relationship to the purposes of the statute. (*Westbrook* v. *Mihaly*, 2 Cal.3d 765, 784-785 [87 Cal.Rptr. 839, 471 P.2d 487], vacated on other grounds in 403 U.S. 915 [29 L.Ed.2d 692, 91 S.Ct. 2224]; *Sail'er Inn, Inc.* v. *Kirby*, 5 Cal.3d 1, 16 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351].)

The relationship between the limitation of the program to four counties and the purpose of the statute is clear. This court may take judicial notice of the fact that the problems of alcoholism and the

drinking driver are serious ones for which our society has found no easy solution. The intent of the statute is obviously to experiment with alcoholism treatment programs on a limited basis and for a limited time. If these programs are proven effective, they may be implemented on a statewide basis; if the scheme is not successful, it may be abandoned, and the state will not have incurred the burden of funding and administering it on a statewide basis.

Furthermore, the United States Supreme Court has upheld state statutes which discriminate among individuals in different counties. (*Salsburg* v. *Maryland,* 346 U.S. 545 [98 L.Ed. 281, 74 S.Ct. 280]; see *People* v. *Superior Court,* 29 Cal.App.3d 397, 400 [105 Cal.Rptr. 695]; *People* v. *McNaught,* 31 Cal.App.3d 599 [107 Cal.Rptr. 566].)

Real party in interest argues, however, that his right to a driver's license is a fundamental interest, and that the state must therefore establish that it has compelling reasons for maintaining the classification. He cites no authority for the proposition that the right to drive an automobile is a fundamental one.

In determining whether a right should be characterized as fundamental, the United States Supreme Court has stated that courts must look to the Constitution to see if the right is explicitly or implicitly guaranteed therein. (*San Antonio School District* v. *Rodriguez,* 411 U.S. 1, 34-35 [36 L.Ed.2d 16, 43-44, 93 S.Ct. 1278].) Real party's right to a license to drive his automobile cannot conceivably be denominated fundamental under this standard.

The action of the superior court in prohibiting the department from revoking real party's driver's license, as the department is entitled and required to do under Vehicle Code section 13352, was an abuse of discretion.

Let a peremptory writ of mandate issue directing the Superior Court of San Mateo County to vacate its order of March 25, 1976, prohibiting the Department of Motor Vehicles from suspending the driver's license of William Richard Hardin.

Christian, J., concurred.

A petition for a rehearing was denied June 21, 1976, and the petition of the real party in interest for a hearing by the Supreme Court was denied August 4, 1976.