[Civ. No. 22393. Fourth Dist., Div. One. Sept. 22, 1980.]

LESLIE ANN SELBY, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

COUNSEL

George Deukmejian, Attorney General, and Melvin R. Segal, Deputy Attorney General, for Defendant and Appellant.

John B. Gibson for Plaintiff and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Leslie Ann Selby wants to drive a school bus. The Department of Motor Vehicles (DMV) summarily turned down her application for a school bus driver's certificate without a hearing because she was convicted in 1975 of violating Health and Safety Code section 11377, possessing methylamine.[1] Upon petition, the superior court ordered the DMV to grant her a hearing to determine her qualifications. The DMV appeals, contending no hearing is required—the denial is automatic because of the drug conviction.

The superior court found Selby's involvement with methylamine was superficial and peripheral; whether the conviction was a misdemeanor or a felony is unclear from the record; she had been placed on summary probation for two years, without time in custody or fine, after which the charge was dismissed under Penal Code section 1203.4;[2] she has had no

---

[1]Methylamine: "A gaseous ptomaine $CH_3NH_2$, from decaying fish and from comma-bacillus cultures." Dorland, the American Illustrated Medical Dictionary (22d ed. 1951).

[2]Unless otherwise indicated, section references are to the Penal Code.

other convictions before or since; without a hearing the DMV has barred her from practicing her chosen profession. From these facts the court concluded the DMV had violated Selby's rights to due process and equal protection under the California Constitution.

Vehicle Code section 34501.5 requires the California Highway Patrol (CHP) to adopt reasonable regulations for the safe operation of school buses. Accordingly, the CHP has adopted regulations governing the denial of school bus driver certificates. In June 1979, when Selby's application was denied, the regulations required automatic denial of a certificate in all cases where the applicant had been convicted, within seven years before applying, of any offense relating to possessing narcotics, habit forming drugs or dangerous drugs except marijuana (Cal. Admin. Code, tit. 13, § 1208, subd. (a)(5)). The regulations require use of a conviction which has been dismissed under section 1203.4 as a ground for denial of a certificate (Cal. Admin. Code, tit. 13, § 1210, subd. (b)).

As a result of the dismissal under section 1203.4 of the charges against her, Selby is entitled to release "from all penalties and disabilities resulting from the offense of which [s]he has been convicted" (Pen. Code, § 1203.4, subd. (a)). █ A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by mitigating some of the consequences of his conviction and, with a few exceptions, to restore him to his former status in society to the extent the Legislature has power to do so (*Stephens* v. *Toomey* (1942) 51 Cal.2d 864, 870-871 [122 P.2d 549]; *Meyer* v. *Board of Medical Examiners* (1949) 34 Cal.2d 62, 65 [206 P.2d 1085]; *In re Phillips* (1936) 17 Cal.2d 55, 61 [109 Cal.Rptr. 344, 132 A.L.R. 644]). █ Selby concedes denial of a business or professional license is not a "penalty" or "disability" under section 1203.4, and her conviction may properly be used as a basis for denying her the certificate she seeks (*Meyer* v. *Board of Medical Examiners, supra*, 34 Cal.2d 62, 66). Although we follow the Supreme Court's four-to-three holding in *Meyer* on this point, we do so reluctantly. We can conceive of few consequences of a conviction more punitive or disabling than the denial of an opportunity to practice one's chosen profession. Moreover, to place such a roadblock in the path of an individual who has been granted relief under section 1203.4 and now seeks to pursue a lawful occupation or profession is inconsistent with the Legislature's manifest intent: █ "It appears...obvious that the Legislature intended that a person whose conviction has been set aside, and the accusation against him dis-

missed, should not suffer the stigma usually attached to such a conviction unless he is later prosecuted for another offense. If the Legislature did not so intend, why is the defendant permitted to withdraw his plea of guilty and enter one of not guilty? The section clearly contemplates giving the offender a second chance to take his place in the community. Inherent in this contemplation is the thought that he shall not be branded a pariah, having paid his debt to the satisfaction of the court." (*Meyer* v. *Board of Medical Examiners, supra,* 34 Cal.2d 62, 71-72 (dis. opn. of Carter, J.).) We urge the Supreme Court to reexamine *Meyer* in light of the humanitarian and rehabilitative purposes of section 1203.4.

In any event, *Meyer* does not completely resolve the present case, for *Meyer* merely allows a licensing board to deny a license to an individual who has obtained relief under section 1203.4. Here, however, the DMV regulations not only permit denial of Selby's application; they require denial. ■ The mandatory denial provision of the DMV regulations deprives Selby of a substantial and valuable right—the right to a hearing to determine her fitness to be a school bus driver. This absolute disqualification to practice her chosen profession, without regard to her present fitness to do so, is a disability imposed on her solely because of her conviction.[3]

The disability which Selby suffers because of her conviction is imposed by administrative regulations, not by statute. ■ An administrative agency's power to promulgate rules and regulations must be derived, expressly or impliedly, from the Constitution or the Legislature (*Ferdig* v. *State Personnel Bd.* (1969) 71 Cal.2d 96, 103 [77 Cal.Rptr. 224, 453 P.2d 728]; *Addison* v. *Department of Motor Vehicles* (1977) 69 Cal.App.3d 486, 493 [138 Cal.Rptr. 185]; *California State Restaurant Assn.* v. *Whitlow* (1976) 58 Cal.App.3d 340, 346-347 [129 Cal. Rptr. 824]). Administrative regulations which violate acts of the Legislature are void. Rules adopted by an administrative agency may not

[3]We note the arbitrary and unfair nature of section 1208's classification of mandatory and discriminatory denials. In June 1979, excessive and continual use of alcohol, which makes an applicant incapable of operating a motor vehicle safely, and habitual use or excessive use of or addiction to narcotics or dangerous drugs, were grounds for automatic denial of a certificate. On July 1, 1980, these became grounds for discretionary denial. The incongruity is striking: Today the DMV has discretion in considering the application of a person who excessively or habitually uses or is addicted to alcohol, narcotics, or dangerous drugs. Yet Selby, convicted within the past seven years of "merely peripherally" possessing methylamine, is automatically denied a certificate without a hearing.

exceed the scope of the authority granted the agency in the relevant enabling legislation or exceed the limits of the agency's powers which other statutes may impose (*Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 419-420 [128 Cal.Rptr. 183, 546 P.2d 687]; *Morris* v. *Williams* (1967) 67 Cal.2d 733, 737 [63 Cal.Rptr. 689, 433 P.2d 697]; *Harris* v. *Alcoholic Bev. etc. Appeals Bd.* (1964) 228 Cal.App.2d 1, 6-7 [39 Cal.Rptr. 192]; Gov. Code, § 11342.2). ▐ Here neither the enabling statute (Veh. Code, § 34501.5), nor any other legislation which has been brought to our attention, authorizes the DMV to ignore the mandate of section 1203.4. Accordingly, this statute limits the DMV's power to adopt administrative regulations imposing a disability—in the form of automatic denial of a school bus driver's certificate—on an applicant who has been granted relief under section 1203.4. To the extent the regulations impose a disability on such applicants, the DMV exceeded the scope of its authority to develop rules and regulations for the safe operation of school buses. The regulations (Cal. Admin. Code, tit. 13, §§ 1208, subd. (a)(5), 1210, subd. (b)) are void to the extent they conflict with section 1203.4.

We hold the DMV may not deny Selby a school bus driver's certificate without a hearing to determine whether her conviction in fact makes her unfit to practice her chosen profession. In making this determination, the DMV should consider whether Selby's conviction is substantially related to her qualifications to be a school bus driver and, if so, whether she has been rehabilitated. (See Bus. & Prof. Code, § 480 et seq.)

The judgment is affirmed.

Wiener, J., and Work, J., concurred.