[Civ. No. 53180. First Dist., Div. Two. Aug. 18, 1982.]

MANUEL CORDOVA ALDERETTE et al., Plaintiffs and Appellants, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

COUNSEL

Miguel A. Hernandez for Plaintiffs and Appellants.

George Deukmejian, Attorney General, and Eleanor Nisperos, Deputy Attorney General, for Defendant and Respondent.

OPINION

**SMITH, J.**—Appellants holders of farm labor vehicle driver certificates who have been convicted of violating section 23102, subdivision (a) of the Vehicle Code[1] (driving under the influence of intoxicating liquor), appeal from a judgment of the Monterey County Superior Court which denied their petition for writ of prohibition and mandate challenging the constitutionality of section 12520.5, which provides for the automatic and mandatory revocation of farm labor vehicle driver certificates upon conviction of violation of section 23102, subdivision (a).

The sole issue on appeal is the constitutionality of section 12520.5, specifically, whether it violates either the equal protection or due process clauses of the United States and California Constitutions.[2]

The facts are not in dispute. Appellants possessed farm labor vehicle driver's certificates and were employed as bus drivers/foremen of farm labor work crews. Section 12519 requires every person who operates a farm labor vehicle to possess such a certificate. Appellants were convicted of misdemeanor drunk driving (§ 23102, subd. (a)) while operat-

[1]Unless otherwise noted, all statutory references are to the Vehicle Code.

[2]Appellants also challenge the constitutional validity of section 12520. Since this issue was not raised in the lower court, we decline to consider it for the first time on appeal.

ing their private vehicles off duty, and their certificates were revoked pursuant to section 12520.5.[3]

Appellants subsequently unsuccessfully sought a writ of mandate and prohibition challenging the constitutionality of section 12520.5. This timely appeal followed.

## DISCUSSION

### I. *Equal Protection*

In considering appellants' equal protection challenge to section 12520.5, we begin by determining the appropriate test to be used by this court in judging the constitutional validity of the statute. Appellants urge that the applicable standard of review is strict scrutiny because the statute affects a fundamental interest.

Appellants argue that in light of *McConville* v. *Alexis* (1979) 97 Cal.App.3d 593 [159 Cal.Rptr. 49], in which the Court of Appeal held that possession of a driver's license rises to the level of a fundamental right, "retention of one's certificate upon which one's chosen profession depends should be classified as a fundamental interest." Appellants' reliance on *McConville* is misplaced. In *McConville*, the Court of Appeal was faced with the question of whether a trial court should apply the "substantial evidence" or the "independent judgment" standard of review in passing upon a challenge to a quasi-judicial administrative decision by the Department of Motor Vehicles (DMV) which resulted in a six-month suspension of an individual's driver's license. In upholding the constitutionality of the implied consent law (§ 13353) which provides for a mandatory six month suspension of a driver's license upon failure to submit to one of three sobriety tests, the California Supreme Court in *Hernandez* v. *Department of Motor Vehicles* (1981) 30 Cal.3d 70, 83 [177 Cal.Rptr. 566, 634 P.2d 917] rejected the argument that *McConville* was dispositive on the issue of whether driving is a fundamental constitutional right for strict scrutiny purposes but rather stated that *McConville* "relates to the appropriate relationship between

---

[3]Section 12520.5, subdivision (a) at all relevant times provided in pertinent part: "The department shall revoke the farm labor vehicle driver's certificate of any holder who after issuance of the certificate: (1) Is convicted of any violation involving felony hit-and-run driving, driving under the influence of intoxicating liquor, reckless driving or has had his driving privilege suspended or revoked by the department for a cause involving the safe operation of a motor vehicle, or is found by the department to be a negligent operator."

*administrative* and *judicial* adjudicatory decisions, and does not concern the constitutional legitimacy or validity of legislative policy judgments at all." The court went on to hold that legislative measures regulating or limiting the possession of a driver's license are not subject to strict judicial scrutiny. (*Id.* at p. 83.)

Appellants urge that the instant case presents a more important interest than mere retention of a driver's license because possession of a farm labor vehicle certificate is an essential and mandatory requisite for appellants' employment. Appellants have not cited, and our independent research has not discovered, any case which expressly holds that the right to practice one's chosen profession is a fundamental right for equal protection purposes. In *San Antonio School District* v. *Rodriguez* (1973) 411 U.S. 1, 33-34 [36 L.Ed.2d 16, 43, 93 S.Ct. 1278], the United States Supreme Court held that a fundamental interest is one which is explicitly or implicitly guaranteed by the Constitution. Applying this test, the California Supreme Court in *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 18 [112 Cal.Rptr. 786, 520 P.2d 10] held that the right to be admitted into a certain profession is not a fundamental interest. We are aware of United States and California court decisions which have found a cognizable fundamental interest in the right to work for a living in the common occupations of the community. (See e.g. *Truax* v. *Raich* (1915) 239 U.S. 33, 41 [60 L.Ed. 131, 135, 36 S.Ct. 7]; *Sail'er Inn, Inc.* v. *Kirby* (1971) 5 Cal.3d 1, 17 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351].) Yet these cases involved the complete deprivation of the right to work, which is not the case here. Here, the loss of the certificates in question merely results in the loss of foreman status, and appellants will retain their employment as farm laborers.

■ Where no fundamental interest is involved, "legislation which establishes different treatment for different groups of persons is vested with a presumption of constitutionality and will be upheld if the basis of the differentiation bears a rational relationship to the purposes of the statute." (*Department of Motor Vehicles* v. *Superior Court* (1976) 58 Cal.App.3d 936, 941 [130 Cal.Rptr. 311].)

■ The record shows that section 12520.5 was enacted by the Legislature in 1974 as part of a comprehensive scheme designed to reduce the number and severity of accidents involving farm labor vehicles. The entire scheme, and particularly section 12520.5, viewed as "urgency" statutes, were introduced a short time after a farm labor bus crashed

near Blythe, California, killing 19 farm workers. The driver of the bus had .03 percent alcohol in his blood, not enough to be legally under the influence of alcohol.

Appellants do not deny that the state has a legitimate interest in seeking to insure that persons prone to intoxication will not be able to drive farm labor buses. Rather, appellants urge that since not all bus drivers' licenses and/or certificates are revoked upon a conviction of section 23102, subdivision (a), the statute is not rationally related to a legitimate legislative objective, but instead discriminates against farm labor bus drivers.

As we have stated, under traditional equal protection analysis, a challenged statute involving differentiated treatment will be upheld if distinctions drawn by such statute bear some rational relationship to a conceivable legitimate state purpose. (*D'Amico* v. *Board of Medical Examiners, supra,* 11 Cal.3d 1, 16.) "'So long as such a classification "does not permit one to exercise the privilege while refusing it to another of like qualifications, under like conditions and circumstances, it is unobjectionable upon this ground."'" (*Ibid.* citing *Watson* v. *Division of Motor Vehicles* (1931) 212 Cal. 279, 284 [298 P. 481].)

While the Legislature might have wisely imposed similar sanctions to drivers of mass transit buses or common carriers, its failure to do so does not invalidate section 12520.5 as a denial of equal protection. "[A] 'statute is not invalid under the Constitution because it might have gone farther than it did' . . .,' a legislature need not 'strike at all evils at the same time' . . . and 'reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind' . . . ." (*Katzenbach* v. *Morgan* (1966) 384 U.S. 641, 656-657 [16 L.Ed.2d 828, 839, 86 S.Ct. 1717].)

We also reject appellants' contention that there is no rational relationship between "one's on duty driving and his one-time, off duty transgression." The Legislature might properly have concluded otherwise.

For the foregoing reasons, we hold that section 12520.5 does not arbitrarily discriminate against persons it affects. The classification in question bears a rational relationship to the legitimate legislative objective of protecting farm laborers who ride in buses many miles to and from the job site.

## II. *Procedural Due Process*

■ Appellants' contention that automatic and mandatory revocation of farm labor vehicle certificates deprives them of procedural due process is also without merit.

A similar challenge was made to former sections 1072 and 1073 of title 5 of the California Administrative Code which provided for the mandatory revocation of a school bus driver's certificate upon, inter alia, a conviction of any violation involving driving under the influence of intoxicating liquor. In *Yeoman v. Department of Motor Vehicles* (1969) 273 Cal.App.2d 71 [78 Cal.Rptr. 251], the Court of Appeal stated: "We do not doubt that it was within the power of the Legislature to provide for compulsory suspension of a permit to operate a school bus upon a conviction of the permitee of the offense of driving any vehicle upon the public highway while under the influence of intoxicating liquor, and that *such suspension may occur without any prior hearing other than that in the court in which the conviction occurred.*" (*Id.*, at p. 77; italics added; see also *Dixon* v. *Love* (1977) 431 U.S. 105, 113 [52 L.Ed.2d 172, 180, 97 S.Ct. 1723].)

While it appears that *Yeoman, supra*, is dispositive of the issue, appellants urge that we consider *Rios* v. *Cozens* (1972) 7 Cal.3d 792 [103 Cal.Rptr. 299, 499 P.2d 979] and *Selby* v. *Department of Motor Vehicles* (1980) 110 Cal.App.3d 470 [168 Cal.Rptr. 36].

*Rios* involved a challenge to the financial responsibility laws (Veh. Code, § 16000 et seq.) which at that time provided for the suspension of an uninsured motorist's license who was involved in an automobile accident and failed to deposit a security with the DMV sufficient, in the DMV's opinion, to satisfy any final judgment that might be rendered against him. The California Supreme Court considered the question whether the uninsured motorist was entitled to a hearing on the issue of his potential culpability prior to the suspension of his license and held that due process required such a hearing. (*Rios* v. *Cozens, supra*, at p. 794.) As a condition of suspension under the *Rios* statute was a determination, made by the DMV, that there was a reasonable possibility that a judgment might be recovered against the driver, based upon his potential culpability. (*Ibid.*)

Section 12520.5, however, contains no similar condition, but merely states that any conviction of a violation of driving under the influence

will result in mandatory revocation of a farm labor bus driver's certificate. There is no need to determine culpability; this has already been done by the municipal court in the underlying criminal prosecution.

*Selby* v. *Department of Motor Vehicles, supra*, 110 Cal.App.3d 470 similarly fails to support appellants' argument. In *Selby*, the DMV summarily turned down an application for a school bus driver's certificate without a hearing because the applicant was convicted of possessing methylamine within seven years preceding her application. (*Selby* v. *Department of Motor Vehicles, supra*, at p. 472.) The Court of Appeal held that *Selby* was entitled to a hearing to determine whether her conviction made her unfit to drive a school bus. (*Id.* at p. 475.) The court's decision was largely premised upon the fact that the charges were subsequently dismissed under Penal Code section 1203.4, and she was therefore entitled to release from all penalties and disabilities resulting from the offense of which she was convicted pursuant to subdivision (a) of that section. (*Id.,* at p. 473.) The DMV, by imposing an automatic denial of a school bus driver's certificate, ignored the mandate of section 1203.4. (*Id.,* at p. 475.) Here, however, appellant's have not been granted relief pursuant to that section, and they can point to no statute which relieves them of the disability imposed by section 12520.5.

In conclusion, we find that section 12520.5 neither violates appellants' right to equal protection nor their right to procedural due process.

The judgment is affirmed.

Rouse, Acting P. J., and Miller, J., concurred.