[No. A078417. First Dist., Div. Three. Apr. 6, 1998.]

McBAIL & COMPANY et al., Plaintiffs and Respondents, v.
SOLANO COUNTY LOCAL AGENCY FORMATION COMMISSION,
Defendant and Appellant.

1224

## COUNSEL

Dennis Bunting, County Counsel, and James W. Laughlin, Deputy County Counsel, for Defendant and Appellant.

Gary M. Funamura, Brooke B. Domich and Trainor Robertson for Plaintiffs and Respondents.

## OPINION

WALKER, J.—By this opinion we decide that a Local Agency Formation Commission's (LAFCO) denial of a petition for annexation must be based upon articulated reasons which have a rational connection to the purposes of the Cortese-Knox Local Government Reorganization Act of 1985 (Cortese-Knox Act or Act)[1] and that those reasons, in turn, be supported by substantial evidence in the record of the administrative hearing. In the matter before us we find that appellant Solano County LAFCO's reason for denying respondents' annexation petition—that it did not enhance the mission of Travis Air Force Base—was not rationally related to the purposes of the Act. We therefore affirm the trial court's issuance of a peremptory writ of mandate remanding the matter to LAFCO[2] for further proceedings. We reverse, however, to the extent that the trial court's writ purports to limit LAFCO's discretion in denying the petition on reconsideration.

### PROCEDURAL BACKGROUND

Respondents McBail & Company, Comstock Financial Chartered and Baumeister Von Altdorf, Ltd. (collectively referred to in the singular as

---

[1]Government Code section 56000 et seq.

[2]We use the acronym LAFCO to refer both to appellant Solano County LAFCO and to LAFCO's in general. The context will make clear which meaning we intend.

McBail) are owners of real property located in unincorporated Solano County. They, along with the owners of adjacent property, sought to have land totaling approximately 153 acres approved for annexation to the City of Fairfield. To that end, they filed a petition for proceedings pursuant to the Act with appellant, LAFCO. Following a public hearing on April 1, 1996, LAFCO denied the petition and a subsequent request for reconsideration, and on May 6, 1996, issued LAFCO Resolution No. 96-12, which stated in relevant part as follows: "WHEREAS, this Commission has received an Executive Officer's Report which analyzes each of the Standards for the Factors to be Considered; and [¶] WHEREAS, this Commission finds that Travis Air Force Base[] is an important and viable economic asset of Solano County; and [¶] WHEREAS, further urbanization east of Peabody Road that does not enhance the mission of Travis Air Force Base should be denied; and [¶] WHEREAS, the proposed annexation is located east of Peabody Road. [¶] NOW, THEREFORE, BE IT RESOLVED AND ORDERED by the Local Agency Formation Commission of Solano County that the annexation of land known as Grill/McBail . . . , to the City of Fairfield is hereby DENIED."

McBail filed a petition for writ of mandate in the Solano County Superior Court, seeking to vacate the denial of the petition, the request for reconsideration and the adoption of Resolution No. 96-12, and asking that the matter be remanded to LAFCO for further proceedings.[3] After hearing, the court issued its peremptory writ of mandate finding that LAFCO had "abused [its] discretion in that [its] express or implied finding that anything east of Peabody Road does not enhance the mission of Travis Air Force Base is not supported by substantial evidence[.]" The court ordered that Resolution No. 96-12 be vacated and that McBail's petition for annexation be reconsidered. It further ordered that "[u]pon such reconsideration, LAFCO shall not deny Petitioners' application for annexation until LAFCO has reconsidered this matter and makes a finding supported by substantial evidence that Petitioners' project interferes with the mission of Travis Air Force Base." LAFCO appeals from the trial court's issuance of a peremptory writ of mandate. (See fn. 3, *ante*.)

DISCUSSION

▮▮▮▮▮ LAFCO contends that the trial court prejudicially abused its discretion in issuing the writ because both the decision to deny the annexation and

---

[3]LAFCO's demurrer to the cause of action for writ of mandate was overruled by the court. Along with its other grounds for appeal, LAFCO purports to appeal from this order. An order overruling a demurrer is nonappealable; appellate review lies from the judgment

the finding that the proposed annexation did not enhance the mission of Travis Air Force Base were supported by substantial evidence. We do not reach the issues posed by appellant since we find fundamental error on LAFCO's part by its failure to state a valid reason or basis for its decision. Having no legitimate statement of basis there is nothing against which to scrutinize the substantiality of the evidence.

We hold that in order for the trial court to intelligently evaluate whether substantial evidence supports the decision to deny the petition, LAFCO must first articulate the basis or reason for that decision. This is so because evidence does not relate to a decision in the abstract, but must be connected to the basis or reason for that decision. Because the court cannot apply the substantial evidence rule in a vacuum, logic and reason dictate that for purposes of meaningful review the administrative agency must state its reason for a decision in order to provide the framework within which the reviewing court can apply the substantial evidence test. We hold further that the stated basis for the decision must have a rational connection to the purposes of the enabling statute. If it does not, a determination by the administrative agency will not withstand the scrutiny of judicial review regardless of the substantiality of the evidence.

### 1. *Jurisdiction of the Reviewing Court and Scope of Review*

Appellant's threshold argument attacks the trial court's jurisdiction to review the decision denying annexation, which LAFCO characterizes as a legislative act beyond the scope of judicial review. ■ To the contrary, if an agency acts pursuant to legislative authority, the action is reviewable by ordinary mandamus. (Code Civ. Proc., § 1085; *Shapell Industries, Inc.* v. *Governing Board* (1991) 1 Cal.App.4th 218 [1 Cal.Rptr.2d 818]; *California Hotel & Motel Assn.* v. *Industrial Welfare Com.* (1979) 25 Cal.3d 200 [157 Cal.Rptr. 840, 599 P.2d 31] (*California Hotel*).) "The courts exercise limited review of legislative acts by administrative bodies out of deference to the separation of powers between the Legislature and the judiciary, to the legislative delegation of administrative authority to the agency, and to the presumed expertise of the agency within its scope of authority. Although administrative actions enjoy a presumption of regularity, this presumption does not immunize agency action from effective judicial review." (*California Hotel, supra*, 25 Cal.3d at pp. 211-212, fns. omitted.)

Indeed, section 56107 of the Government Code[4] recognizes the judiciary's authority to independently review a LAFCO decision. By that section, the Act delimits the extent of the trial court's review of a LAFCO's determination by specifying that an administrative decision will be upheld in the absence of prejudicial abuse of discretion, which shall be established if the court finds that a determination was not supported by substantial evidence in the record. (§ 56107.)[5] In addition to scrutinizing the agency's use of its discretion, "[a] court must ensure that an agency has adequately considered all relevant factors, and has demonstrated a rational connection between those factors, the choice made, and the purposes of the enabling statute." (*California Hotel, supra,* 25 Cal.3d at p. 212, fn. omitted.)

## 2. *LAFCO's Must State Reasons for Their Decisions*

LAFCO's were first established by the Knox-Nisbet Act of 1965, for purposes which included discouraging "urban sprawl," and forming and developing "orderly . . . local government agencies." (See Knox-Nisbet Act, former § 54773 et seq., repealed by Stats. 1985, ch. 541, § 2, p. 1920.) To achieve these goals, which endure today in the Cortese-Knox Act (§§ 56300, 56301 and 56425), each county LAFCO is granted the power to approve or disapprove petitions for annexation. (§ 56375; *City of Agoura Hills* v. *Local Agency Formation Com.* (1988) 198 Cal.App.3d 480, 485 [243 Cal.Rptr. 740]; *City of Santa Clara* v. *Local Agency Formation Com.* (1983) 139 Cal.App.3d 923, 928 [189 Cal.Rptr. 112].)

The factors to be considered by the commission in reaching its decision are enumerated in section 56841. In addition, LAFCO may adopt its own procedures and written standards for consideration of any of the factors enumerated in section 56841. (§ 56375, subd. (i).) Here, LAFCO has

---

[4] All further statutory references will be to the Government Code.

[5] Section 56107 reads in full as follows: "This division shall be liberally construed to effectuate its purposes. No change of organization or reorganization ordered under this division and no resolution adopted by the commission making determinations upon a proposal shall be invalidated because of any defect, error, irregularity, or omission in any act, determination, or procedure which does not adversely and substantially affect the rights of any person, city, county, district, the state, or any agency or subdivision of the state. All determinations made by a commission under, and pursuant to, this division shall be final and conclusive in the absence of fraud or prejudicial abuse of discretion. Prejudicial abuse of discretion is established if the court finds that any determination of a commission or a legislative body was not supported by substantial evidence in light of the whole record."

adopted "Standards and Procedures for the Evaluation of Annexation Proposals Submitted to the Solano County Local Agency Formation Commission." The document, which details 11 standards[6] to be considered when evaluating an annexation petition, states: "In the final analysis, the reasoned judgment of LAFCO will be required to determine compliance with each Standard. In deciding on annexation proposals, LAFCO *shall make findings* on the degree of compliance or non-compliance for each Standard citing facts to support each finding . . . . LAFCO *will make a determination, based on findings* supported by factual analysis, on the approval or denial of the annexation proposal." (Italics added.) Thus, LAFCO's own procedures require it to make reasoned findings to support a denial of an annexation petition.

Even if we read LAFCO's own standards and procedures narrowly so as to not require a statement of reasons, logic and reason demand that the agency explain the basis for its decision. As stated by the court in *California Hotel, supra,* 25 Cal.3d on pages 210-211, "the statement facilitates meaningful judicial review of agency action[;] . . . the exposition requirement subjects the agency, its decision-making processes, and its decisions to more informed scrutiny by the Legislature, the regulated public, lobbying and public interest groups, the media, and the citizenry at large." (*Ibid.,* fn. omitted.) The court states further that "requiring an administrative agency to articulate publicly its reasons for adopting a particular order, rule, regulation, or policy induces agency action that is reasonable, rather than arbitrary, capricious, or lacking in evidentiary support[;] . . . by publicizing the policies, considerations and facts that the agency finds significant, the agency introduces an element of predictability into the administrative process. This enables the regulated public to anticipate agency action and to shape its conduct accordingly." (*Ibid.,* fn. omitted.) Lastly, the court concludes that "requiring an agency to publicly justify its orders, rules, regulations, and policies stimulates public confidence in agency action by

---

[6]LAFCO has set out six mandatory standards and five discretionary standards. They address: 1) consistency with sphere of influence boundaries; 2) annexation to the limits of the sphere of influence boundaries; 3) consistency with appropriate general plan, specific plan, area-wide plan and zoning ordinance; 4) consistency with the county general plan of proposed reorganization outside of a city's sphere of influence boundary; 5) requirement for preapproval or prezoning; 6) effect on natural resources; 7) relationship to established boundaries, streets and roads, lines of assessment, remaining unincorporated territory, proximity to other populated areas, assessed valuation; 8) likelihood of significant growth and effect on other incorporated or unincorporated territory; 9) protection of prime agricultural land; 10) provision and cost of community services; and 11) the effect of the proposed action on adjacent areas, mutual social and economic interest and on local governmental structure.

promoting both the reality and the appearance of rational decisionmaking in government." (*Ibid.*)[7]

Where a commission or agency has failed to state the reasons for its decision, ". . . it is impossible for a court to determine whether the order and reasons are adequately supported by facts in the administrative record." (*California Hotel, supra,* 25 Cal.3d at p. 222 (conc. opn. of Christian, J.).) Without the benefit of the agency's reasoning, the court has nothing against which to weigh the substantiality of the evidence. We are left asking ourselves, substantial evidence of what? There can be no meaningful judicial review of LAFCO's action without some statement of the reasons for the action. As we have pointed out, LAFCO's own procedures require it to make such findings.

While we prefer that a statement of reasons be formally entered in the agency's resolution and committed to writing, we do not feel this is essential. However, to enable the court to scrutinize the substantiality of the evidence supporting the agency's decision, the record of the administrative hearing must adequately reflect the reason and basis for that decision.

3. *The Reasons or Basis for LAFCO's Decision Must Bear a Rational Relationship to the Purposes of the Enabling Act.*

"A court must ensure that an agency has adequately considered all relevant factors, and has demonstrated a rational connection between those factors, the choice made, and the purposes of the enabling statute." (*California Hotel, supra,* 25 Cal.3d at p. 212, fn. omitted.) The reviewing court thus has the obligation at the inception of its analysis to determine whether the agency has demonstrated a rational connection between the basis for its decision and the purposes of the enabling statute.

The Cortese-Knox Act was enacted in part to encourage and provide "planned, well-ordered, efficient urban development patterns with appropriate consideration of preserving open-space lands within those patterns" (§ 56300), and for the purpose of discouraging urban sprawl and encouraging

---

[7]We recognize that *California Hotel* involved review of an administrative order subject to Labor Code section 1177, which requires the commission issuing the order to "include a statement as to the basis upon which the order is predicated . . . ." However, the opinion cleanly explains several functions fulfilled by an effective statement of basis, only one of which is to satisfy the Labor Code's requirement. The other functions, which we refer to here, are applicable to the matter before us.

orderly formation and development of local agencies. (§ 56301.) Indeed, the 11 standards adopted by appellant (see fn. 6, *ante*) aim to focus LAFCO's compliance with these purposes when determining whether to approve or disapprove a petition for annexation. We must determine whether LAFCO's single stated reason for denying the petition bears any rational connection to the purposes of the Act and to its standards for evaluating an annexation petition. Of the 11 standards, it appears that LAFCO's decision to deny the annexation hinged upon standard No. 11, which requires the agency to consider the effect of the proposed annexation on "adjacent areas, mutual social and economic interest, and on local governmental structure." It provides that the proposal "should create no significant negative social or economic effects on the County or neighboring agencies."[8] We fail to see how LAFCO's finding that "further urbanization east of Peabody Road that does not enhance the mission of Travis Air Force Base should be denied," and its resulting denial of the petition are in any way rationally connected to a standard which allows for the rejection of proposals that create *significant negative* effects on the county or neighboring agencies. LAFCO did not reject the proposal because of perceived negative impacts, but rather for its failure to *enhance* a neighboring property owner's "mission." Requiring an applicant to show how it will enhance a neighboring property is clearly beyond the scope of the Act.

LAFCO abused its discretion in denying McBail's petition for annexation on the ground that it did not enhance Travis Air Force Base's mission. We hold, therefore, that the trial court correctly issued a peremptory writ of mandate directing LAFCO to vacate Resolution No. 96-12 and to reconsider McBail's petition for annexation, and affirm that portion of the writ. We reverse, however, to the extent that the trial court order limited LAFCO's discretion as to the basis upon which it could again deny the petition. In commanding that, upon reconsideration, "LAFCO shall not deny [McBail's] application for annexation until LAFCO has reconsidered this matter and makes a finding supported by substantial evidence that [McBail's] project interferes with the mission of Travis Air Force Base" the trial court exceeded its mandamus powers. Mandamus does not lie to control the manner in which an agency may exercise its discretion. (*Ghilotti Construction Co.* v. *City of Richmond* (1996) 45 Cal.App.4th 897, 904 [53 Cal.Rptr.2d 389].)

---

[8]This standard was derived from one of the factors to be considered under the Cortese-Knox Act, section 56841: "Factors to be considered in the review of a proposal shall include, but not be limited to, all of the following: [¶] . . . [¶] (c) The effect of the proposed action and of alternative actions, on adjacent areas, on mutual social and economic interests, and on the local governmental structure of the county."

## DISPOSITION

We affirm the trial court's issuance of a peremptory writ of mandate vacating Resolution No. 96-12 and commanding reconsideration of McBail's petition for annexation. We reverse to the extent that the writ directs the manner in which LAFCO is to exercise its discretion in undertaking the reconsideration. Upon reconsideration, LAFCO has the discretion to approve or deny the petition, but must do so based upon articulated reasons that are rationally related to the purposes of the Act and which are supported by substantial evidence. Respondents to recover costs on appeal.

Phelan, P. J., and Corrigan, J., concurred.

A petition for a rehearing was denied April 30, 1998.