TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
| --- | --- | --- |
| OPINION | : | No. 98-1011 |
| of | : | March 4, 1999 |
| BILL LOCKYER Attorney General | : | |
| CLAYTON P. ROCHE Deputy Attorney General | : | |

THE HONORABLE ROBERT WESTMEYER, COUNTY COUNSEL, NAPA COUNTY, has requested an opinion on the following questions:

1. May an alternate member of a Local Agency Formation Commission, when not serving in place of a regular member, participate in public hearings and deliberations of the commission?

2. May an alternate member of a Local Agency Formation Commission, when not serving in place of a regular member, attend closed sessions of the commission?

CONCLUSIONS

1. An alternate member of a Local Agency Formation Commission, when not serving in place of a regular member, may participate in public hearings and deliberations of the commission.

2. An alternate member of a Local Agency Formation Commission, when not serving in place of a regular member, may not attend closed sessions of the commission.

ANALYSIS

The Cortese-Knox Local Government Reorganization Act of 1985 (Gov. Code, §§ 56000-57550; "Act")[1] provides for the establishment of a Local Agency Formation Commission ("LAFCO") in each county (§§ 56325-56337) "to encourage orderly growth and development and the assessment of local community services needs" (*Antelope Valley - East Kern Water Agency* v. *Local Agency Formation Com.* (1988) 204 Cal.App.3d 990, 994; see *San Miguel Consolidated Fire Protection Dist.* v. *Davis* (1994) 25 Cal.App.4th 134, 151). The general function of a LAFCO is "[t]o review and approve or disapprove with or without amendment, wholly, partially, or conditionally, proposals for changes of organization or reorganization" of local agencies. (§ 56375; see *McBail & Co.* v. *Solano County Local Agency Formation Com.* (1998) 62 Cal.App.4th 1223, 1228; *Las Tunas Beach Geologic Hazard Abatement Dist.* v. *Superior Court* (1995) 38 Cal.App.4th 1002, 1007-1008.) "Changes of organization" include city incorporations, district formations, annexations or detachments from a city or district, disincorporations of cities, dissolutions of districts, and certain mergers and consolidations. (§ 56021.) " 'Reorganization' means two or more changes of organization initiated in a single proposal." (§ 56073.)

In performing its duties, a LAFCO conducts public hearings on the proposals presented to it where it receives oral and written protests, objections, and evidence. (§§ 56834-56840; see *Las Tunas Beach Geologic Hazard Abatement Dist.* v. *Superior Court*, *supra*, 38 Cal.App.4th at 1009.) Within 35 days after the conclusion of a hearing, the LAFCO must adopt a resolution approving or disapproving the proposal, with or without conditions (§§ 56851-56852), as an exercise of its legislative and political power (see *San Miguel Consolidated Fire Protection Dist.* v. *Davis*, *supra*, 25 Cal.App.4th at 152).

The two questions presented for resolution concern alternative members of a

---

[1] Unidentified section references are to the Government Code.

LAFCO. May they participate in public hearings and deliberations and attend closed sessions when not serving in the place of regular members? We conclude that they may attend and participate in public hearings and deliberations but may not attend closed sessions.

1.     Public Hearings and Deliberations

The first issue to be resolved is whether an alternate member of a LAFCO may participate in a public hearing and in deliberations when he or she is not serving in place of a regular member.

While the Act provides for differing compositions of LAFCOs in different counties (§§ 56326-56332), section 56325 is the basic statute we may consider in examining the responsibilities of an alternate member. Section 56325 provides:

"There is hereby continued in existence in each county a local agency formation commission. Except as otherwise provided in this chapter, the commission shall consist of five members selected as follows:

"(a) Two representing the county, appointed by the board of supervisors from their own membership. The board of supervisors shall appoint a third supervisor who shall be an alternate member of the commission. *The alternate member may serve and vote in place of any supervisor on the commission who is absent or who disqualifies himself or herself from participating* in a meeting of the commission.

"*If the office of a regular county member becomes vacant, the alternate member may serve and vote in place of the former regular county member* until the appointment and qualification of a regular county member to fill the vacancy.

"(b) Two representing the cities in the county, each of whom shall be a city officer, appointed by the city selection committee. The city selection committee shall also designate one alternate member who shall be appointed and serve pursuant to Section 56335.

"(c) One representing the general public appointed by the other four members of the commission. The other four members of the commission may

also designate one alternate member who shall be appointed and serve pursuant to Section 56331." (Italics added.)

Accordingly, an alternate member "may serve and vote" in place of a regular member when the regular member is absent or is disqualified from participating in a meeting of a LAFCO. (§§ 56325, subd. (a), 56331, 56335.)

Superficially, it would appear from the language contained in section 56325 and similar language contained in sections 56331 and 56335 that the absence of a regular member or his or her disqualification is a condition precedent to the alternate member's participation. "The alternate member may serve and vote in place of . . . [the regular member] who is absent or disqualifies himself or herself from participating in a meeting of the commission." Unless one of these conditions occurs, it could be argued that an alternate member could not "serve" at all.

In 50 Ops.Cal.Atty.Gen. 120 (1967) we considered a somewhat similar situation in which only one constitutional officer was permitted to be represented by a deputy at a meeting of the State Teachers' Retirement Board, but where two deputies were actually present in place of two constitutional officers. We concluded:

"Since the meetings of the State Teachers' Retirement Board are required to be public . . . we see no objection to the deputies of each of the two constitutional officers being present and participating in discussions, at least to the extent allowed to the general public. The vote of only one may be counted." (*Id.*, at p. 123.)

In a Louisiana case, *Cook* v. *Metropolitan Shreveport Bd. of App.* (La.App. 1976) 339 So.2d 1225, the court considered the effect of the participation of alternate members of a local board of appeals. The court observed:

"We perceive no legal objection to participation by both regular and alternate members in the hearing and deliberative proceedings. When taking formal action, the alternate members have no power to act if a quorum of the regular members is present. The alternate members should not have voted on the application in this case since a quorum of regular members was present. Nevertheless, the application was approved by a vote of four to one by the regular members present at the meeting in which the decision was made. It was not shown that the presence of and participation by the alternate members in any way affected the outcome of the decision or in any way prejudiced the rights of appellants. The error was harmless and does not affect the legality of the Board's action." (*Id.*, at p. 1232.)

The Act requires that "it shall be liberally construed to effectuate its purposes." (§ 56107.) A LAFCO is expressly authorized to "adopt written procedures for the evaluation of proposals" (§ 56375, subd. (i)) and "may make and enforce regulations for the orderly and fair conduct of hearings by the commission" (§ 56375, subd. (k)). These statutory provisions reflect the parliamentary rule that "[e]very governmental body has an inherent right to regulate its own procedure subject to provisions of the constitution, statutes, charters or other controlling authority." (Mason, Manual of Legis. Proc. (Cal. State Printing Office 1975) pp. 30-31.)

Undoubtedly, it would be beneficial for alternate members to be present at all the hearings of a LAFCO since proposals are commonly considered at more that one meeting. Attendance by all alternate members would allow them to be fully informed if and when they must replace the regular members who are absent or disqualified.[2] Moreover, to permit alternate members to participate in the hearings and deliberations to the same extent as regular members (except voting) would enhance a fuller discussion and consideration of each proposal. In short, LAFCOs and the public would benefit by having alternate members present at all public hearings and participate in the deliberations.

We believe that a LAFCO, both under its statutory rule-making powers and inherent parliamentary powers, has the authority to adopt rules permitting participation of alternate members at public hearings as well as in deliberations on proposals, short of voting. Such a rule would not contravene the Act's provisions that alternate members may serve in place of absent or disqualified regular members. A permissive duty placed upon alternate members by statute does not negate the authority of a LAFCO to also grant alternate members the right to participate in proceedings and deliberations, short of voting. We would construe the local rule in harmony with the statutory grant of power. (See *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1389; *Industrial Indemnity Co.* v. *City and County of San Francisco* (1990) 218 Cal.App.3d 999, 1008-1009.)

We thus conclude in answer to the first question that an alternate member of a LAFCO, when not serving in place of a regular member, may participate in public hearings and deliberations of the commission.

2.      Closed Sessions

---

[2] This is analogous to alternate members of a jury, who must hear all the evidence so that they may immediately replace any disqualified juror. (See Pen. Code, § 1089.)

The second issue to be resolved concerns whether an alternate member of a LAFCO may attend a closed session of the commission when not serving in place of a regular member.

The Ralph M. Brown Act (§§ 54950 - 54962) requires the "legislative body" of a "local agency" to hold its meetings open to the public unless a specific statutory exemption is applicable (see §§ 54951, 54952, 54953, 54962). LAFCOs fall within the statutory definition of "legislative body" as a board or commission of a local agency. (§ 54952.)

In the pamphlet, The Brown Act, Open Meetings For Local Legislative Bodies (Cal. Dept. of Justice, 1994), we examined whether various interested persons could attend a closed meeting under the Ralph M. Brown Act:

> "In 46 Ops.Cal.Atty.Gen. 34 (1965), this office also concluded that meetings could not be semi-closed. Thus, certain interested members of the public may not be admitted to a closed session while the remainder of the public is excluded. Nor would it be proper for an investigative committee of a grand jury performing its duties of investigating the county's business to be admitted to a closed session. (I.L. 70-184.) *As a general rule, closed sessions may involve only the membership of the body in question plus any additional support staff which may be required* (e.g., attorney required to provide legal advice; supervisor may be required in connection with disciplinary proceeding; labor negotiator required for consultation). Persons without an official role in the meeting should not be present." (*Id.*, at p. 29, italics added.)

Unless sitting in place of an absent or disqualified regular member, an alternate member may not attend a closed session without converting the session into an unauthorized "semi-closed meeting." A LAFCO may not enact parliamentary rules that contravene statutory law, in this case, the Ralph M. Brown Act. (See *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.*, *supra*, 43 Cal.3d at 1389; *Morris* v. *Williams* (1967) 67 Cal.2d 733, 748; Mason, *supra*, at pp. 30-31).[3]

In answer to the second question, therefore, we conclude that an alternate member of a LAFCO may not attend a closed session when not serving in place of a regular member.

* * * * *

---

[3] Returning to the analogy of a jury, we believe exclusion from a closed session would be similar to alternate jurors being excluded from jury deliberations required by law to be conducted in closed session. (See Pen. Code, §§ 1089, 1137-1138; Code Civ. Proc., §§ 233-234.)