BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE HONORABLE CHARLES J. McKEE, COUNTY COUNSEL, NEVADA COUNTY, has requested an opinion on the following question:
May a person serve simultaneously as (1) the fire chief of a city, (2) a director of a fire protection district that has no overlapping boundaries with the city, and (3) a commissioner of the local agency formation commission representing the special districts of the county?
 CONCLUSION
A person may not serve simultaneously as (1) the fire chief of a city, (2) a director of a fire protection district that has no overlapping boundaries with the city, and (3) a commissioner of the local agency formation commission representing the special districts of the county.
 ANALYSIS
The question presented for resolution concerns the common law doctrine of incompatible public offices.[1] The doctrine prohibits a person from holding simultaneously two public offices if the performance of the duties of either could have an adverse effect on the other. (People ex rel. Chapman v. Rapsey (1940) 16 Cal.2d 636, 641-642; 78 Ops.Cal.Atty.Gen. 362, 363 (1995).) Offices are incompatible if either office exercises a supervisory, auditory, or removal power over the other, or if there would be a significant clash of duties and loyalties in the holding of both offices simultaneously. (People ex rel. Deputy Sheriffs' Assn. v. County of Santa Clara (1996) 49 Cal.App.4th 1471,1481; 82 Ops.Cal.Atty.Gen. 74, 75 (1999); 81 Ops.Cal.Atty.Gen. 304, 305 (1998).)
If the two positions under consideration are offices, and if they are incompatible, the acceptance of the second office automatically terminates the holding of the first. (People ex rel. Chapman v. Rapsey, supra, 16 Cal.2d at p. 644; 83 Ops.Cal.Atty.Gen. 50, 52 (2000).) If one of the positions is an "employment" as distinguished from an "office," the doctrine does not apply. (81 Ops.Cal.Atty.Gen. 304, 305 (1998).) Moreover, the common law prohibition may be abrogated by the Legislature whenever it chooses. (American Canyon Fire Protection Dist. v. County of Napa (1983) 141 Cal.App.3d 100, 104; McClain v. County of Alameda (1962)209 Cal.App.2d 73, 79; 81 Ops.Cal.Atty.Gen. 344, 345-346 (1998); 78 Ops.Cal.Atty.Gen. 60, 62-63 (1985); 76 Ops.Cal.Atty.Gen. 81, 85 (1993); 76 Ops.Cal.Atty.Gen. 38, 43, fn. 4 (1993); 74 Ops.Cal.Atty.Gen. 116, 117, fn. 1 (1991); 74 Ops.Cal.Atty.Gen. 86, 88 (1991); 66 Ops.Cal.Atty.Gen. 293, 295-302 (1983); 15 Ops.Cal.Atty.Gen. 108, 109-110 (1950).)
Here, we have the unusual situation of contemplating three public positions being held by the same person: city fire chief, fire protection district director, and local agency formation commission ("LAFCO") commissioner. We have previously determined that each of the three positions is an "office" for purposes of the incompatible offices doctrine. (82 Ops.Cal.Atty.Gen. 201, 202 (1999) [city fire chief]; 76 Ops.Cal.Atty.Gen. 38, 40 (1993) [fire protection district director]; 63 Ops.Cal.Atty.Gen. 748, 750 (1980) [LAFCO commissioner]; 61 Ops.Cal.Atty.Gen. 396, 398 (1978) [LAFCO commissioner]; see also 66 Ops.Cal.Atty.Gen. 176, 178-179 (1983) [district fire chief].)
A. City Fire Chief and Fire Protection District Director
We first address whether the offices of city fire chief and fire protection district director are incompatible where there is no territory held in common by the two jurisdictions. We are informed that the city and the district are not contiguous. Applying the traditional rules regarding incompatibility, we find that a person may hold these two offices at the same time.
Neither the office of fire chief nor district director has a supervisory, auditory, or removal power over the other. Would there be a significant clash of duties or loyalties if the two offices were held by the same person? Normally, an overlap of territories is present when incompatibility is found. (See 82 Ops.Cal.Atty.Gen. 74 (1999) [water district director — city council person]; 80 Ops.Cal.Atty.Gen. 74 (1997) [city manager — school district board member]; 75 Ops.Cal.Atty.Gen. 112 (1992) [community service district director — school district board member]; 67 Ops.Cal.Atty.Gen. 409 (1984) [water district general manager — county supervisor].)
Here, the same type of public services would be involved — fire protection, rescue, medical, and ambulance services — but to different geographical areas and different persons. The city and the district could enter into a mutual aid agreement (Health Saf. Code, § 13862), but we believe that such agreement would not result in a significant clash of duties and loyalties for purposes of the incompatible offices doctrine.
In 84 Ops.Cal.Atty.Gen. 34 (2001), we recently reviewed the limited contacts between a city and an agricultural association district where the two jurisdictions did not have any territory in common. The city had once rented a building from the district for a day, and the district had permitted the city to use its parking lot from time to time without charge for police training. We found support from several prior opinions (71 Ops.Cal.Atty.Gen. 39 (1988); 33 Ops.Cal.Atty.Gen. 49 (1959); Cal. Atty. Gen., Indexed Letter, No. IL 75-222 (Oct. 8, 1975)) in determining "that offices were compatible if the possibility of a conflict was a matter of conjecture that might arise on a transactional basis rather than being part of the regular duties of the two offices." (Id. at p. 39.)
Similarly, in the circumstances in question, a person may hold the offices of city fire chief and fire protection district director where the two jurisdictions do not have overlapping territories. No "significant clash of . . . loyalties" (37 Ops.Cal.Atty.Gen. 21, 22 (1961)) "`in the regular operation of the statutory plan'" (66 Ops.Cal.Atty.Gen. 176, 177 (1983)) would be present.
B. Fire Protection District Director and LAFCO Commissioner
The second combination of offices to be examined is that of fire protection district director and LAFCO commissioner. We conclude that while these offices would otherwise be incompatible, the Legislature has abrogated the common law prohibition to allow the holding of both offices simultaneously.
The Cortese-Knox-Hertzberg Local Government Reorganization Act of 2000 (Gov. Code, §§ 56000-57550)[2] provides for the establishment of a LAFCO in each county (§§ 56325-56337) "to encourage orderly growth and development and the assessment of local community services needs" (Antelope Valley-East Kern Water Agency v. Local Agency Formation Com. (1988) 204 Cal.App.3d 990, 994; see § 56001; Sierra Club v. San Joaquin Local Agency Formation Com. (1999)21 Cal.4th 489, 495; San Miguel Consolidated Fire Protection Dist. v. Davis (1994) 25 Cal.App.4th 134, 151). The primary function of a LAFCO is "[t]o review and approve or disapprove with or without amendment, wholly, partially, or conditionally, proposals for changes of organization or reorganization" of local agencies. (§ 56373; McBail Co. v. Solano County Local Agency Formation Com'n (1998)62 Cal.App.4th 1223, 1228; Las Tunas Beach Geologic Hazard Abatement Dist. v. Superior Court (1995) 38 Cal.App.4th 1002, 1007-1008.) "Changes of organization" include city incorporations, district formations, annexations or detachments from a city or district, disincorporations of cities, dissolutions of districts, and certain mergers and consolidations. (§ 56021.) "`Reorganization' means two or more changes of organization initiated in a single proposal." (§56073.)
In performing its duties, a LAFCO conducts public hearings where it receives oral and written protests, objections, and evidence. (§§56834-56840; Las Tunas Beach Geologic Hazard Abatement Dist. v. Superior Court, supra, 38 Cal.App.4th at p. 1009.) As an exercise of its legislative authority (San Miguel Consolidated Fire Protection Dist. v. Davis, supra, 25 Cal.App.4th at p. 152), a LAFCO adopts resolutions approving or disapproving proposals, with or without conditions (§§56851-56852).
Ordinarily, a LAFCO has seven commissioners — two county supervisors representing the county, two city mayors or city council members representing the cities of the county, two officers of special districts representing the districts of the county, and one member of the general public. (§ 56325.) Here, the fire protection district director would be a LAFCO commissioner due to being selected to represent the special districts of the county. (§§ 56325, subd. (c), 56332, subd. (d).)
We need not examine the possible conflicts that would make these two offices incompatible. Such inquiry is irrelevant since the Legislature requires that a LAFCO commissioner, except for the member of the general public, hold another public office as the basis for selection as a LAFCO commissioner. We have previously concluded, therefore, that the incompatibility office doctrine has no application to such dual office holding. (63 Ops.Cal.Atty.Gen., supra, at p. 750; 61 Ops.Cal.Atty.Gen., supra, at p. 398.)
C. City Fire Chief and LAFCO Commissioner
The final combination of offices to be examined is that of city fire chief and LAFCO commissioner. Here, the person in question would be a LAFCO commissioner because of his district office, not his city office. The cities of the county would, in effect, have three city officers on the LAFCO representing their interests rather than the two specified by the Legislature.
Several significant clashes of duties and loyalties would be present if a city fire chief were allowed to hold the office of LAFCO commissioner. Any proposed annexation of territory by the city in question would involve the issue of whether the city fire department should provide fire protection for the annexed territory. (See § 56855.) What would be in the best interests of the city might not be in the best interests of the fire protection district currently providing the service, which district the city fire chief would be representing on the LAFCO. Alternatively, a fire protection district might propose to annex a part of the city's territory. (See Health Saf. Code, §13810.) The city fire chief would have obvious conflicting interests and divided loyalties in representing the fire protection district when the proposal was presented to the LAFCO.
While the Legislature has abrogated the incompatible offices rule with respect to the offices of fire protection district director and LAFCO commissioner, it has not done so for the offices of city fire chief and LAFCO commissioner. Three statutes, however, require our analysis in reaching this determination. First, section 56337 states:
 "A city or county officer may serve as a member of the commission while holding office as a city or county officer. If a member who is a city or county officer ceases to be an officer of a city or county during his or her term, his or her membership on the commission shall be considered vacant."
Section 56337 has no application to the city fire chief in question. Rather, it refers to the two county supervisors representing the county and the two city mayors or city council members representing the cities of the county as LAFCO commissioners. (§ 56325.) Understandably, their membership on the LAFCO terminates under the language of section 56337 when they cease to be county or city officers. That would not be the case for the city fire chief since he would be representing the special districts of the county as a LAFCO commissioner. We have examined the legislative history of section56337, particularly its predecessor statutes (Stats. 1965, ch. 587, § 10; Stats. 1963, ch. 1808, § 1), and find it fully supports application of the statute only to the office which a LAFCO commissioner must hold in order to be selected as a commissioner.
The second statute requiring examination sets forth the procedure for selecting the two LAFCO members representing the special districts of the county. They are chosen by a "selection committee" consisting of "the presiding officer of the legislative body of each independent special district." (§ 56332, subd. (a).) Subdivision (d) of section56332 provides:
 "The selection committee shall appoint two regular members and one alternate member to the commission. The members so appointed shall be elected or appointed special district officers residing within the county but shall not be members of the legislative body of a city or county. . . ."
Subdivision (d) contains a prohibition to prevent the cities of the county from, in effect, having more than two representatives as LAFCO commissioners. That is precisely why the city fire chief may not be one of the special districts' representatives on the LAFCO — he would provide a third representative for the cities. Subdivision (d) does not constitute an authorization for the cities to have a third representative. To so construe section 56332 would be irrational and contrary to the Legislature's evident purposes. In interpreting a statute, we are directed to "select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences." (People v. Jenkins (1995) 10 Cal.4th 234, 246; accord, Wilcox v. Birtwhistle (1999) 21 Cal.4th 973, 977-978.)
The final statute requiring examination is section 56325.1, which provides:
 "While serving on the commission, all commission members shall exercise their independent judgment on behalf of the interests of residents, property owners, and the public as a whole in furthering the purposes of this division. Any member appointed on behalf of local governments shall represent the interests of the public as a whole and not solely the interests of the appointing authority. This section does not require the abstention of any member on any matter, nor does it create a right of action in any person."
The Legislature has carefully crafted the membership of a LAFCO so that two commissioners represent the county, two represent the cities of the county, two represent the special districts of the county, and one member represents the general public. Representation is to be balanced, yet each commissioner representing a local government is not to represent "solely" the interests of such local government, but the interests of the general public as well. Section 56325.1 is not an authorization to upset the balance of representation by, for example, giving cities a third representative on the LAFCO contrary to the other provisions of the Act. We must interpret the provisions of section 56325.1 in light of the statutory scheme as a whole. "A statute must be construed `in the context of the entire statutory system of which it is a part, in order to achieve harmony among the parts.' [Citation.]" (People v. Woodhead (1987)43 Cal.3d 1002, 1009.)
Since the offices of city fire chief and LAFCO commissioner are incompatible public offices, we conclude that a person may not serve simultaneously as (1) the fire chief of a city, (2) a director of a fire protection district which has no overlapping boundaries with the city, and (3) a commissioner of the LAFCO representing the special districts of the county.
[1] "The common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this State, is the rule of decision in all courts of this State." (Civ. Code, § 22.2)
[2] All references hereafter to the Government Code are by section number only.