BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE JOHN J. SANSONE, COUNTY COUNSEL, COUNTY OF SAN DIEGO, has requested an opinion on the following questions:
1. May a local agency formation commission condition its approval of the incorporation of a city upon voters within the proposed city approving a general tax?
2. If so, may the commission's resolution imposing the condition be adopted by majority vote?
 CONCLUSIONS
1. A local agency formation commission may condition its approval of the incorporation of a city upon voters within the proposed city approving a general tax.
2. A local agency formation commission's resolution imposing a condition that the voters of a proposed city approve a general tax may be adopted by majority vote.
 ANALYSIS
The Legislature has enacted the Cortese-Knox-Hertzberg Local Government Reorganization Act of 2000 (Gov. Code, §§ 56000-57550; "Act"),[1] previously known as the Cortese-Knox Local Government Reorganization Act of 1985, which provides for the establishment of a local agency formation commission ("LAFCO") in each county (§§ 56325-56337) "to encourage orderly growth and development and the assessment of local community services needs." (See Antelope Valley-East Kern Water Agency v. LocalAgency Formation Com. (1988) 204 Cal.App.3d 990, 994; see also § 56001; Sierra Club v. San Joaquin Local Agency Formation Com.
(1999) 21 Cal.4th 489, 495; Placer County Local Agency FormationCommission v. Nevada County Local Agency Formation Commission
(2006) 135 Cal.App.4th 793, 797-798; San Miguel ConsolidatedFire Protection Dist. v. Davis (1994) 25 Cal.App.4th 134, 151).
The primary function of a LAFCO is "[t]o review and approve or disapprove with or without amendment, wholly, partially, or conditionally, proposals for changes of organization or reorganization" of local agencies. (§ 56375; see McBail Co. v.Solano County Local Agency Formation Com. (1998)62 Cal.App.4th 1223, 1228; Las Tunas Beach Geologic Hazard Abatement Dist. v.Superior Court (1995) 38 Cal.App.4th 1002, 10071-008.) "Changes of organization" include city incorporations, district formations, annexations to or detachments from a city or district, disincorporations of cities, dissolutions of districts, and certain mergers and consolidations. (§ 56021.) "`Reorganization' means two or more changes of organization initiated in a single proposal." (§ 56073.)
In performing its duties, a LAFCO conducts public hearings, where it receives oral and written protests, objections, and evidence. (§ 56666; see Las Tunas Beach Geologic HazardAbatement Dist. v. Superior Court, supra, 38 Cal.App.4th at p. 1009.) In exercising its legislative and political power (SanMiguel Consolidated Fire Protection Dist. v. Davis, supra,
25 Cal.App.4th at p. 152), a LAFCO adopts resolutions approving or disapproving proposals, with or without conditions (§§ 56880, 57100, subd. (e)). If a resolution approving a proposal is adopted, further proceedings relative to the proposal are conducted by the LAFCO as the "conducting authority" (§ 56029). These proceedings may culminate in an election involving the affected residents or landowners. (§§ 57100-57204.)
The questions presented for resolution concern a LAFCO's decision to condition its approval of the incorporation of a city upon the approval by the voters of a general tax for the proposed city.[2] May it impose such a condition on the incorporation proposal, and if so, may its resolution imposing the condition be approved by majority vote of the LAFCO members?
1. Voter Approval of a Tax
The Legislature has given LAFCOs express authority to impose conditions when approving a city's incorporation. Section 56886 states in part:
 "Any change of organization or reorganization may provide for, or be made subject to one or more of, the following terms and conditions. . . .
 ". . . . . . . . . . . . . . . . . . . . . . . . . .
 "(s) The levying of assessments, including the imposition of a fee pursuant to Section 50029 or 66484.3 or the approval by the voters of general or special taxes. . . .
 ". . . . . . . . . . . . . . . . . . . . . . . . . ."
General taxes constitute one of "a virtually limitless array of factors" upon which a LAFCO may condition its approval of a change of organization. (Board of Supervisors v. Local AgencyFormation Com. (1992) 3 Cal.4th 903, 912 [discussing section 56844, predecessor of section 56866].)
In 82 Ops.Cal.Atty.Gen. 180 (1999), we concluded that a LAFCO could condition approval of a change of organization upon the continued collection of a previously established and collected tax. In the circumstances presented there, we found that the approval process of the Act in effect "complements" the constitutional requirements for voter approval of taxes, fees, and charges when they have previously been established and approved by the electorate:
 "In summary, then, a change of organization or reorganization involves taxes, assessments, fees, and charges that have previously been established and approved by the electorate where constitutionally or statutorily required. The rates and duration remain the same, as does the methodology in arriving at the amount of revenue to be collected. The Act provides a protest and election process for approving the proposed changes. (§§ 57075-57078.) In effect, the Act complements articles XIII C and XIII D rather than conflicts with them. [Citations.]" (Id. at pp. 188-189.)
"Articles XIII C and XIII D" referenced in our 1999 opinion generally require voter approval before imposing any taxes, assessments, fees, or charges. (See Cal. Const., art. XIII C, § 2; art. XIII D, § 3.)[3] With respect to a city's imposition of general taxes, subdivision (b) of section 2 of article XIII C provides:
 "No local government may impose, extend, or increase any general tax unless and until that tax is submitted to the electorate and approved by a majority vote. A general tax shall not be deemed to have been increased if it is imposed at a rate not higher than the maximum rate so approved. The election required by this subdivision shall be consolidated with a regularly scheduled general election for members of the governing body of the local government, except in cases of emergency declared by a unanimous vote of the governing body."
Accordingly, when a LAFCO conditions approval of the incorporation of a city upon voters within the proposed city approving a general tax, such voter approval may be given by majority vote in keeping with the mandate of article XIII C.
Here, the electorate's approval of the tax may take place at the same time the incorporation itself is approved. Section 57132 prescribes that "[t]he election on the question of the change of organization . . . shall be called and held on the next regular election date occurring at least 88 days after the date upon which the resolution calling the election was adopted." Although an incorporation election is sometimes referred to as a "special election" in the Act (see, e.g., §§ 57000, subd. (e), 57115, subd. (a), 57140, 57144), the election must take place on a "regular election date" (§ 57132), thus satisfying the constitutional requirement of being "consolidated with a regularly scheduled general election" (art. XIII C, § 2, subd. (b); see Elec. Code, §§ 324, 1000).
Section 56886 provides the answer to the first question. We conclude that a LAFCO may condition its approval of the incorporation of a city upon voters within the proposed city approving a general tax.
2. Majority vote by LAFCO
The second question presented concerns whether a LAFCO may adopt by majority vote a resolution requiring voter approval of a general tax in order for the city to be incorporated. Normally, a LAFCO acts by majority vote. (See § 56880.) Is the majority vote requirement affected by Proposition 62, a statutory initiative approved by the voters in 1986 (see Santa Clara County LocalTransportation Authority v. Guardino (1995) 11 Cal.4th 220, 235;Neilson v. City of California City (2005) 133 Cal.App.4th 1296,1306-1307), which requires an ordinance or resolution proposing a general tax to be "approved by a two-thirds vote of all members of the legislative body of the local government" (§ 53724, subd. (b))?
Proposition 62 applies to local governments and districts that have the ability to "impose" a general tax. Section 53723 states:
 "No local government, or district, whether or not authorized to levy a property tax, may impose any general tax unless and until such general tax is submitted to the electorate of the local government, or district and approved by a majority vote of the voters voting in an election on the issue."
In the context of Proposition 62, entities that may impose a general tax have been referred to as "taxing authorities" or as having "local taxing power." (See Santa Clara County LocalTransportation Authority v. Guardino, supra, 11 Cal.4th at p. 250; McBrearty v. City of Brawley (1997) 59 Cal.App.4th 1441,1447-1448.)
A LAFCO does not have the authority to "impose" a tax. (SeeCity of Ceres v. City of Modesto (1969) 274 Cal.App.2d 545, 550
[a LAFCO "has only those express (or necessarily implied) powers which are specifically granted to it by statute"].) Under section 56886, subdivision (s), a LAFCO does not impose a tax; rather, as a condition of approving incorporation, it specifies that the voters are to approve imposition of a tax. Proposition 62 thus has no application to the vote taken by a LAFCO pursuant to section 56886, subdivision (s).
We conclude in answer to the second question that a LAFCO's resolution imposing a condition that the voters of a proposed city approve a general tax may be adopted by majority vote.
[1] All references hereafter to the Government Code are by section number only.
[2] "`Incorporation' means the incorporation, formation, creation, and establishment of a city with corporate powers." (§ 56043.)
[3] Further references to the Constitution are by article number only.